UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER H. EDWARDS, | |
| Plaintiff, | Civil Action No. 23-107 (MAS) (RLS) |
| v. | |
| UNDER COLOR OF STATE LAW TRENTON STATE PRISON, | OPINION |
| Defendant. | |

SHIPP, District Judge

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Christopher H. Edwards's ("Plaintiff") civil complaint (ECF No. 1) and *in forma pauperis* application (ECF No. 1-1) in this prisoner civil rights matter. Having reviewed the application, this Court finds that leave to proceed without prepayment of fees is authorized, and Plaintiff's application is therefore granted. As Plaintiff will be granted *in forma pauperis* status in this matter, the Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, the Court dismisses Plaintiff's complaint in its entirety.

I. BACKGROUND

Plaintiff is a convicted state prisoner currently confined in New Jersey State Prison. (ECF No. 1 at *4.)[1] It appears that Plaintiff's complaint seeks to raise civil rights claims related to the outcome of several prison disciplinary decisions resulting in his being sanctioned following his refusal to accept a cell transfer which he believed would be deleterious to his health. (*Id.* at *6-14.)

---

[1] Page numbers preceded by an asterisk refer to page numbers atop the ECF header.

The complaint's allegations, however, are raised in a stream-of-consciousness fashion. In addition, the sentences are disjointed and often do not follow from one another. Although the Court can discern that Plaintiff disputes the outcome of disciplinary proceedings, the complaint is otherwise unintelligible.

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must screen Plaintiff's complaint and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

In his complaint, Plaintiff seeks to raise civil rights claims arising out of vaguely alleged constitutional violations that occurred during prison disciplinary proceedings. The exact nature of the violations in question, however, are at best unclear in light of the disjointed nature of Plaintiff's complaint. It is not clear from the complaint exactly who wronged Plaintiff, in what way, or what constitutional right was violated by the alleged wrongdoings.

Federal Rule of Civil Procedure 8, a complaint seeking to raise a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each allegation in a complaint must therefore be "concise" and "direct." Fed. R. Civ. P. 8(d)(1). A district court may dismiss a complaint *sua sponte* for failure to comply with Rule 8. *Ruther v. State Ky. Officers*, 556 F. App'x 91, 92 (3d Cir. 2014). A complaint may be dismissed pursuant to Rule 8 where the "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). Dismissal is proper, therefore, where a complaint is illegible, incomprehensible, indecipherable, or largely unintelligible. *See id.*; *Elliot v. Point Breeze Station Mail Dep't*, 711 F. App'x 71, 72-73 (3d Cir. 2017); *Scibelli v. Lebanon County*, 219 F.

App'x 221, 222 (3d Cir. 2007); *Stephanatos v. Cohen*, 236 F. App'x 785, 787 (3d Cir. 2007). In dismissing an unintelligible complaint pursuant to Rule 8, however, a reviewing court should provide the party whose pleading is dismissed an opportunity to amend. The appropriate action when faced with an unintelligible complaint, therefore, is to dismiss the complaint without prejudice to the filing of an amended complaint. *Ruther*, 556 F. App'x at 92; *Moss v. United States*, 329 F. App'x 335, 336 (3d Cir. 2009); *Simmons*, 49 F.3d at 86-87.

Here, Plaintiff's complaint is disjointed and written in such a fashion that Plaintiff's claims are truly well disguised, and the Court is unable to clearly determine who Plaintiff believes wronged him, how they did so, or on what basis he now seeks relief. As Plaintiff's complaint is thus largely unintelligible in its current form, his complaint fails to meet the standards of Rule 8 and must be dismissed as such. *Ruther*, 556 F. App'x at 92; *Moss*, 329 F. App'x at 336; *Simmons*, 49 F.3d at 86-87. Because Plaintiff may well be able to clarify his complaint, however, he shall be granted leave to file an amended complaint within thirty days.

Although Plaintiff's failure to meet the requirements of Rule 8 is sufficient to warrant the dismissal of his current complaint, the Court notes the following further issues. First, in the caption of this matter Plaintiff names only one Defendant—Trenton State Prison, the defunct former name of what is now called New Jersey State Prison. A state prison, however, is an arm of the state and is thus not a person subject to suit in a federal civil rights complaint and is in any event entitled to Eleventh Amendment immunity from suit. *See Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Hum. Servs.*, 730 F.3d 291 (3d Cir. 2013); *Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013); *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 280 (D.N.J. 2013). The prison, pled here as Trenton State Prison, must therefore be dismissed from this matter with prejudice.

To the extent Plaintiff has a claim against another defendant, such as the hearing officer or supervisory officials, such claim would appear to be based on events occurring during prison

disciplinary proceedings. That a prison disciplinary hearing is based on false allegations, or ultimately reaches an incorrect factual conclusion, however, is not a constitutional violation. It is only when an inmate's right to due process is denied during such a hearing that a civil rights claim will arise. *See, e.g., Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002). As Plaintiff has not clearly identified a denial of due process during his disciplinary hearings in his current unintelligible complaint, he has failed to plead such a claim. To the extent Plaintiff pursues an amended complaint, he should clearly identify the defendants he seeks to sue, and the constitutional violations, be they due process claims or otherwise, he believes the defendants imposed upon him.

### IV.  CONCLUSION

For the reasons expressed above, Plaintiff's *in forma pauperis* application (ECF No. 1-1) is **GRANTED** and his complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** in its entirety for failure to state a claim. Plaintiff is granted leave, however, to file an amended complaint in this matter within thirty (30) days. An order consistent with this Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE